IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-522-F

| | |
|---|---|
| JOSEPH BERNARD DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>RALEIGH HOUSING AUTHORITY,<br>STEVE BEAM, TAYLORIA LEWIS,<br>JACQUELINE CHAVIS, and MELISSA<br>L. BRIGMAN,<br>Defendants. | **MEMORANDUM AND<br>RECOMMENDATION** |

This matter is before the court on Defendants' motion [DE-10] to dismiss the complaint of *pro se* Plaintiff Joseph Bernard Davis ("Plaintiff") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), lack of personal jurisdiction pursuant to Rule 12(b)(2), for insufficiency of process pursuant to 12(b)(4), for insufficiency of service of process pursuant to 12(b)(5) and for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6). Alternatively, Defendants move the court to order Plaintiff to file and serve a more definite statement of his claims. Plaintiff responded [DE-21] to Defendants' motions and the time for filing a reply has expired. Accordingly, the pending motions are ripe for adjudication. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). For the reasons set forth below, this court recommends allowing Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction.

## I. PROCEDURAL HISTORY

On 7 December 2009, Plaintiff initiated this action by filing an Application to Proceed in

District Court Without Prepaying Fees along with a complaint, civil cover sheet and a proposed summons. [DE-1]. On 29 January 2010, an order was entered allowing Plaintiff's motion to proceed *in forma pauperis* but directing Plaintiff to particularize his complaint. [DE-3]. On 28 January 2010, Plaintiff filed a handwritten response attempting to address the deficiencies outlined by court. Pl.'s Resp. Order Particularize ("Jan. 2010 Resp.") [DE-4]. On 29 April 2010, the complaint was accepted as originally filed. On 20 May 2010, Defendants filed the instant motion. [DE-10]. On 16 June 2010, Plaintiff filed a response. [DE-21]. For purposes of this review, the court will consider Plaintiff's response to the order to particularize his complaint as part of Plaintiff's pleadings.

## II. PLAINTIFF'S ALLEGATIONS

As a preliminary matter, the court observes that Plaintiff's handwritten filings are difficult to understand and, at times, illegible. Nevertheless, the court has undertaken an exhaustive attempt at deciphering Plaintiff's filings and the factual allegations gleaned from the filings are as follows.

According to the complaint, Plaintiff is a tenant at 509 Glenwood Avenue, Apartment 726 ("Glenwood Towers"), Raleigh, North Carolina, which is owned by the Housing Authority of the City of Raleigh ("RHA"). Compl. at 1; Defs.' Mem. Law Supp. Mot. Dismiss ("Defs.' Mem.") at 2 [DE-11]. The acts about which Plaintiff complains in his lawsuit are alleged as follows: "Violation of my Freedom of Speech/Threats of Evition(sic)/Destruction of Personal Property/Invasion of Dwelling and Theft. Health Endangerment and Harrement(sic)." Compl. at 2. Plaintiff seeks monetary relief and protection of the civil rights of disabled Americans and veterans. *Id.* at 3. Plaintiff has failed to allege the basis for federal subject matter jurisdiction. *Id.* at 2. In his January 2010 response to the court's order to particularize his complaint, Plaintiff alleges various acts by RHA occurring between 2003 and 2005. Jan. 2010 Resp. at 3-6. The acts described in Plaintiff's

response are further discussed in a December 2009 letter to the "Presidential Laison (sic) for President Barack Obama" ("the Letter") attached thereto. *See* [DE-4.1]. Plaintiff appears to raise three different issues in his filings.

First, Plaintiff complains of the conditions of both his apartment unit and Glenwood Towers generally. According to Plaintiff, "for years [he has] suffer[ed] wet floors[,] no heat[,] no air conditioning," attributing this suffering to RHA's decision to use its funding "in other ways."[1] Jan. 2010 Resp. at 3. In the Letter, Plaintiff states that he notified B. Jo Hardy ("Hardy"), Chairman of the Board of Trustees of the RHA ("the Board"), of the conditions of Glenwood Towers, including windows without insulation, the lack of heating and air conditioning and concerns regarding mold; however, Plaintiff was advised "to keep [his] mouth shut." [DE-4.1 at 1-2]. Plaintiff avers that due to a burst pipe, his apartment was subject to "months" of flooding which ruined his furnishings. Jan. 2010 Resp. at 5; *see also* [DE-4.1 at 2] (alleging he endured three separate flooding incidents due to the HVAC system). RHA demanded $900.00 in damages from Plaintiff and when Plaintiff stated he did not have any funds, RHA threatened to evict him. Jan. 2010 Resp. at 5. According to Plaintiff, an investigation of the incident revealed the burst pipe was due to improper plumbing installation. Jan. 2010 Resp. at 5.

Next, Plaintiff alleges to be a disabled American who is "unable to walk eight flights of stairs to get up to [his] apartment." Jan. 2010 Resp. at 3-4, 6; *see also* [DE-4.1 at 4] (noting in 2008, elevators remained out of service). According to Plaintiff, RHA has failed to repair its elevators and has only one working elevator servicing 300 apartments located across fourteen floors. Jan. 2010

---

[1] Plaintiff's response implies he has been a resident of Glenwood Towers since 2003; however, the Letter indicates that Plaintiff began residing there in 2004. [DE-4.1 at 1].

3

Resp. at 3.

Third, Plaintiff complains of RHA's knowledge of or involvement in the intimidation and threats made against him. According to Plaintiff, Derrick Fells ("Fells"), a former maintenance employee for RHA, threatened to throw Plaintiff out of an eighth story window upon learning of Plaintiff's complaint to RHA that his door lock had been damaged. Jan. 2010 Resp. at 4. Plaintiff avers that upon reporting the threat to the Board, counsel for RHA informed Plaintiff that the Board "would put [him] out on the streets if [he] ever told the problems of Glenwood Towers to anyone." Jan. 2010 Resp. at 5-6. Plaintiff contends he was "only trying to show that [his] life was endangered by [Fells]." Jan. 2010 Resp. at 5-6. Plaintiff avers further that RHA "had one individuals (sic) after another threatened (sic) [his] life" and that "Rudolph Wranger admitted to . . . this continuous behavior on the part of RHA is against the law . . . ." Jan. 2010 Resp. at 6-7.

In the Letter, Plaintiff claims further that Fells placed an explosive device outside Plaintiff's door and that the Raleigh Police Department, the Federal Bureau of Investigation, HUD's "Greensborough" Office and Hardy were notified accordingly. [DE-4.1 at 3]. Plaintiff states Fells was fired but no criminal charges were filed. [DE-4.1 at 3]. Plaintiff contends Jackie Chavis warned Plaintiff to not discuss his complaints outside of RHA and if Plaintiff chose to ignore this demand, Chavis would evict him. [DE-4.1 at 3]. Plaintiff contends further that in a letter to Plaintiff, RHA's attorney admonished Plaintiff for contacting outside agencies about the condition of Glenwood Towers and that the RHA would seek Plaintiff's arrest for any such actions in the future. [DE-4.1 at 4]. Plaintiff submitted a copy of the letter from RHA's attorney to HUD's "Greensborough" office. Plaintiff also avers that Hardy advised RHA in writing that Plaintiff had threatened her "because [Plaintiff] said if nothing was done [he] would go to court (Federal), and file a law suite

4

(sic) as a Native American and ask that they be removed from [his] land as we have sold none of our land nor have any treaty with anyone." [DE-4.1 at 4]. Plaintiff contends also that Melissa L. Brigman, the Housing Manager for Glenwood Towers, advised "people" to threaten Plaintiff with "[d]eath threats." [DE-4.1 at 6].

### III. MOTION TO DISMISS

Defendants have moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, insufficient service of process and failure to state a claim pursuant to Rules 12(b)(1)-(2), (4)-(6), of the Federal Rules of Civil Procedure. The court is mindful of the latitude extended to pleadings of *pro se* litigants. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). In particular, the court must liberally construe a pleading filed by a *pro se* litigant for the development of a potentially meritorious claim. *Id.* Nonetheless, courts are not required to "conjure up questions never squarely presented to them [and] judges are not mind readers." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. Accordingly, when a party sets forth a Rule 12(b)(1) defense in addition to other Rule 12 defenses, the court should resolve the 12(b)(1) motion first, because if the court lacks jurisdiction, the remaining motions are moot. *Foxworth v. United States*, No. 3:10-CV-317, 2010 U.S. Dist. LEXIS 106759, at *5, 2010 WL 3938267, at *2 (E.D. Va. Oct. 6, 2010) (citing *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006)).

A defendant may challenge subject matter jurisdiction facially or factually. *Wollman v. Geren*, 603 F. Supp. 2d 879, 882 (E.D. Va. 2009). If the defendant presents a facial challenge by

5

arguing the complaint fails to allege facts upon which subject matter jurisdiction can be based, all facts alleged in the complaint are presumed true. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Alternatively, if the defendant presents a factual challenge by arguing that jurisdictional facts alleged in the complaint are untrue, the court may consider extrinsic information beyond the complaint to determine whether subject matter jurisdiction exists. *See Wollman*, 603 F. Supp. 2d at 882 (citation omitted). In both situations, the burden rests with the plaintiff to prove that federal jurisdiction is proper. *Id.*; *see also Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Here, Defendants assert a facial challenge.

Federal subject matter jurisdiction is limited to actions in which the claim asserted by the plaintiff raises a federal question or in which there is diversity of citizenship between the plaintiff and the defendant. 28 U.S.C. §§ 1331, 1332. Federal question subject matter jurisdiction exists where the plaintiff alleges a violation of the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Subject matter jurisdiction based on diversity of citizenship requires the plaintiff to demonstrate that none of the defendants holds citizenship in the same state as the plaintiff, and the amount in controversy exceeds $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In this case, Plaintiff has failed to allege why he believes the court has subject matter jurisdiction over his claims. *See* Compl. at 2 (failing to indicate basis of court's jurisdiction). It is evident diversity jurisdiction does not exist as all parties reside within North Carolina.

Construing Plaintiff's *pro se* complaint liberally, the court is unable to glean any claim based on a federal question. Plaintiff does not allege membership in a protected class and states only that he is a "disable[d] American" without further comment. [DE-21 at 4]. To the extent Plaintiff has a handicap, he has not alleged that he has been discriminated against because of his handicap in

6

violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. Furthermore, Plaintiff has not alleged that he was denied a reasonable accommodation necessary to allow him the same use and enjoyment of his dwelling as other non-handicapped persons. In fact, Plaintiff's allegations concerning the conditions of Glenwood Towers appear to affect many of his fellow tenants. Accordingly, the Fair Housing Act ("the FHA"), enacted as Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3604 *et seq.*,[2] does not confer subject matter jurisdiction.

In a similar vein, Plaintiff has not alleged that RHA, while receiving federal funds, has engaged in discriminating conduct against Plaintiff on the basis of race, color or national origin. Accordingly, Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d, does not confer subject matter jurisdiction. *See Thompson v. United States HUD*, 348 F. Supp. 2d 398, 418 (D. Md. 2005) (explaining Title VI "has been applied to discrimination in the administration of public housing").

Plaintiff has implied that RHA violated various HUD guidelines and regulations as to the conditions of both Glenwood Towers and his individual unit. However, Plaintiff has not identified a statute establishing a private right of action to enforce any HUD provisions against RHA. To the extent Plaintiff wishes to rely on the United States Housing Act of 1937, 42 U.S.C. § 1437 *et seq.*, or the FHA, neither statute confers subject matter jurisdiction as they "do not create private rights of action to ensure the habitability of apartments." *Ross v. Midland Mgmt. Co.*, No. 02-C-8190, 2003 U.S. Dist. LEXIS 13493, at *5, 2003 WL 21801023, at *2 (N.D. Ill. Aug. 1, 2003); *accord Jackson v. Philadelphia Hous. Auth.*, No. 96-CV-1173, 1996 U.S. Dist. LEXIS 8798, at *9, 1996

---

[2] The FHA makes it unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person. 42 U.S.C. § 3604(f)(2)(A).

7

WL 363928, at *3 (E.D. Pa. 1996) (noting plaintiff's 42 U.S.C. 1983 claim based 42 U.S.C. § 1437 was not actionable against defendant for allegedly failing to provide decent, safe and sanitary housing). The court notes further that "[l]andlord-tenant law is traditionally the province of the states." *Joy v. Daniels*, 479 F.2d 1236, 1242 (4th Cir. 1973). Plaintiff's allegations appear to be a rental dispute with RHA, a matter which sounds in state law, and one which does not present a federal question.

Finally, Plaintiff alleges adverse actions by RHA officials in the form of threats of eviction and against his life in response to Plaintiff's complaints concerning his safety. Sections 3604, 3605, and 3606 of the FHA concern discrimination in the sale or rental of housing, residential real estate-related transactions, and provision of brokerage services, respectively. *See* 42 U.S.C. §§ 3604, 3605, 3606. It is a civil offense for individuals to intimidate others who are exercising the rights granted by these sections. 42 U.S.C. § 3617. However, violations of section 3617 are based, at least in part, on an intent to discriminate. *See Sofarelli v. Pinellas County*, 931 F.2d 718, 722 (11th Cir. 1991); *see also Smith v. Stechel*, 510 F.2d 1162, 1164 (9th Cir. 1975) (explaining section 3617 deals with, among others, "situations in which the fundamental inequity of a *discriminatory* housing practice is compounded by coercion, intimidation, threat, or interference")(emphasis added). Plaintiff's complaint does not fall within the parameters of section 3617 as Plaintiff has not alleged that RHA had discriminatory motivations for the alleged actions.

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but such construction does not require a court to construct Plaintiff's legal argument for him. *See Farabee v. Feix*, 119 Fed. Appx. 455, 458 (4th Cir. Va. 2005) (explaining in construing liberally a

*pro se* complaint, a court may not adopt the "improper role of an advocate seeking out the strongest arguments" for the plaintiff). In sum, Plaintiff has failed to provide any factual basis establishing federal question jurisdiction. Accordingly, this court recommends dismissal of this case for lack of subject matter jurisdiction. *See Ibrahim v. Chertoff*, 529 F. Supp. 2d 611, 613 (E.D.N.C. 2007) (explaining if "the court does not find sufficient allegations in the pleadings [to establish jurisdiction] . . . it must dismiss the case") (quoting *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)). In light of this recommended disposition, the court need not address Defendants' arguments under Rules 12(b)(4), (5) and (6). *See Foxworth*, 2010 U.S. Dist. LEXIS 106759, at *5, 2010 WL 3938267, at *2.

## IV. CONCLUSION

For the reasons stated above, this court RECOMMENDS Defendants' motion to dismiss for lack of subject matter jurisdiction be ALLOWED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 27th day of January, 2011.

Robert B. Jones, Jr.
United States Magistrate Judge